[Civ. No. 4847. Fourth Dist. July 29, 1954.]

COUNTY OF SAN DIEGO, Appellant, v. WALTER WILLIAMS, Respondent.

James Don Keller, District Attorney, and Bertram Mc-Lees, Jr., Deputy District Attorney, for Appellant.

Charles E. Burch, Jr., and Brooks Crabtree for Respondent.

BARNARD, P. J.—This is an appeal from a judgment denying an injunction in a zoning case involving unincorporated territory.

In April, 1953, the defendant purchased a parcel of land for $23,000, for the purpose of constructing and operating a trailer park, after being assured by the county planning commission that the land was not zoned. On April 15, 1953, his request for a building permit was denied. He was told that petitions to zone the property were being circulated, and that the board of supervisors had instructed the building department not to issue the permit.

On April 23, 1953, he filed an action in the superior court against the board of supervisors and the county's director of planning and director of public works, seeking a writ of mandate. An alternative writ was issued returnable at 2 p. m. on April 29. At 10 a. m. on April 29, the board of supervisors adopted an interim ordinance (No. 1299) purporting to zone an area in which this land is located for residential and agricultural use only. The defendants in the mandate action filed an answer setting up this ordinance. A supplement to the petition for the writ was then filed alleging that this ordinance was unfair and discriminatory.

After a hearing, the court found that Williams' land was unzoned up to April 29; that he had purchased the land with the intent of constructing and operating a trailer park, and had expended considerable sums in preparing for that construction; that numerous business enterprises had existed for years in the block in which his property was located; that there was no general or comprehensive plan of zoning covering the area described in the interim ordinance; and that, for specific reasons the interim ordinance was invalid and void, and of no force or effect insofar as Williams' land is concerned. A judgment granting a writ of mandate was entered on May 6, 1953, and such a writ was issued and served on the same day. The defendants in that action filed notice of appeal on May 8, 1953. On May 18, Williams was given a permit by the county director of public works. On May 20, he was given the necessary permit by the state division of housing. On June 9, 1953, the defendants' appeal in the mandate action was dismissed on motion in this court.

Upon the dismissal of that appeal Williams immediately began construction of the trailer park. On June 23, 1953, the board of supervisors adopted an ordinance (No. 1317) which became effective July 23, 1953, providing the same zoning for the area covered by the interim ordinance (No. 1299). This ordinance contained a saving clause making it inapplicable where construction had been commenced under an existing permit. On July 3, 1953, the "County" brought this action to enjoin Williams from violating Ordinance No. 1299, and Ordinance No. 1317 when it became effective, and to enjoin him from using this property for the purpose of a trailer park.

After a trial the court found the general facts above stated, and found that pursuant to the permits issued subsequent to the mandamus proceeding Williams had commenced construction about June 9, 1953, which had continued up to the date of trial, and that he had expended $6,260 pursuant to said permits and had obligated himself for a further sum of more than $10,000. It was further found that it is true, "as previously adjudicated in the prior action", that the interim ordinance (No. 1299) is unreasonable, discriminatory and void as to the defendant's land for the following reasons: (1) that other properties in the block in which that land is located have for several years been used for business purposes, including an existing trailer park, a cement brick manufacturing company, a feed store with associated corrals, a licensed truck depot, and a paint store, with a market across the adjoining

street to the north; (2) that the adjacent land had been presented for zoning on two occasions, in 1938 and 1947, both of which resulted in a failure to zone; (3) that defendant's land is immediately adjacent to the main line of the Santa Fe Railroad between Los Angeles and San Diego; (4) that said land is immediately adjacent to United States Highway 101, with various businesses established on the westerly side of said highway; and (5) that due to its proximity to the railroad and the highway defendant's land is subject to obnoxious noises and vibrations of traffic inconsistent with the zoning restrictions of said interim ordinance. It was further found that at the time of the adoption of the interim ordinance (No. 1299) there was no general or comprehensive zoning plan contemplated by the zoning commission of San Diego County concerning the area covered by that ordinance; that Ordinance No. 1317, which did not become effective until July 23, 1953, is unreasonable, arbitrary, discriminatory and void as to defendant's land for each and every reason set forth in connection with Ordinance No. 1299, and because of the saving clause therein since a permit had been issued and construction had been begun prior to its passage; that the board of supervisors in passing these two ordinances had exercised its power in such a manner as to constitute an unreasonable, oppressive and unwarranted interference with defendant's property rights; and that, insofar as said ordinances are made applicable to defendant's property, the passage thereof has no reasonable relation to the public welfare. A judgment was entered decreeing that defendant's construction of a trailer park on his land is being done under permits lawfully obtained; that Ordinances No. 1299 and No. 1317, and each of them, are null and void and of no force and effect insofar as defendant's land is concerned; and denying an injunction to the plaintiff. From this judgment the county has appealed.

The land included in the interim ordinance (No. 1299) lies between Vulcan Avenue on the west and another road on the east. Its north and south distance along Vulcan Avenue is 2,500 feet, and it extends easterly 2,370 feet on the north and 1,260 feet on the south. There are no east and west roads across that area, but there are three north and south roads easterly from Vulcan Avenue. The Santa Fe tracks are immediately west of Vulcan Avenue, and Highway 101 is immediately west of the railroad right of way. The land immediately west of the highway is zoned for business. The

area covered by Ordinance No. 1299 is divided by the north and south roads into four irregularly shaped blocks. Nearly half of that area is in the westerly of these blocks, which faces on Vulcan Avenue, for a distance of 2,500 feet. The westerly 300 feet of this long block, along Vulcan Avenue, is zoned under these ordinances as R-3 (Dwelling Groups Zone). This classification includes, among other things, bungalow courts and boarding and lodging houses. The remainder of the area is zoned R-2 (Small Lot Residence Zone). In Ordinance No. 1317, the property to the east of this area is also zoned as R-1 (Large Lot Residence, permitting one dwelling for each 10,000 square feet of area). The defendant's property fronts on Vulcan Avenue near the middle of that long block, its southerly 300 feet being thus zoned R-3 for dwelling groups, and its northerly and wider 300 feet being thus zoned R-2 for small lot single residences.

The appellant contends that the evidence does not support the findings; that there were few existing businesses in this area in proportion to the number of residential dwellings; that a comprehensive zoning plan is not needed in rural areas, with a small population, as much as it would be in a city; that a zoning plan for an unincorporated area would be equally comprehensive if it includes a substantial area which has undergone sufficient development to justify separate consideration; that in following its policy of formulating zoning plans only in those areas in which "there was substantial evidence of landowner interest" the planning commission was not disregarding its duty to prepare a master plan for the county, as required by Government Code, section 65200, and was not doing anything other than to comply with the statutory mandate that it promote the public interest; that a large discretion is vested in the board of supervisors in the enactment of zone regulations, and every intendment is in favor of such enactments; that zoning regulations had been adopted for areas south of the area in question before April 29, 1953; and that the area easterly from Williams' property was entirely residential and agricultural.

The evidence supports the findings made. The surrounding territory to the east of the highway and railroad track was largely agricultural, as was recognized in both of the zoning ordinances which were passed. The trial court pointed out that a number of businesses had long existed in the long block in which the defendant's land is located, some of which were particularly unfavorable to residence use; that

this particular long block was the only area along that side of the highway for a distance of 2 or 3 miles, in which business interests have been permitted to come in; and that, with respect to that block, "The area is not residential; it never will be residential." The correctness of this observation seems to have been largely recognized by the county supervisors and planning authorities since the two zoning ordinances adopted provided for a strip along the westerly side of this entire long block, 300 feet wide at the north and somewhat narrower at the south, in which bungalow courts, boarding and lodging houses and other dwelling groups were permitted, with small lot residences permitted to the east of that strip, and large lot residences provided for in the property east of the property covered by the interim ordinance. The area on the west side of the railroad right of way and highway, opposite this long block, was also zoned for business. Not only was there evidence that considerable business use had long existed in this block but the court could take judicial notice of the natural effect of some of that business, and of the traffic on this railroad and highway, upon the area in question in relation to its desirability for residential use.

There was also evidence that the area covered by the interim ordinance was unzoned until after an alternative writ of mandate was issued. The plaintiff had bought this land for this particular purpose, the escrow being conditioned upon the availability of the land for that use. Upon being informed by the county authorities that the land was not zoned he completed the purchase, and prepared for building, at a considerable expense. When the permit was then refused he brought the mandate action, and the interim ordinance was passed a few hours before that action was set for hearing. That ordinance was held invalid insofar as defendant's land was concerned, and a writ of mandate was issued directing the board of supervisors and the county's director of planning and director of public works to issue a permit for the construction of this trailer park. A permit was then issued in compliance with the writ, and the judgment in that action became final. Construction was started pursuant to that permit before the other ordinance was passed, and that ordinance provided that it should be inapplicable where a permit had been issued and construction started.

The appellant contends that the judgment in the mandate action is not binding upon it since the "County," as such, was not a party to that action. The county's officers

and agents, its board of supervisors, director of planning and director of public works, being the only agents through which it could act with respect to these matters, were made parties to the former action and the writ of mandate issued was directed to them. In practical effect it was the county, acting through these agents, which obeyed the writ of mandate and issued the permit. "The voice is Jacob's voice but the hands are the hands of Esau." In any event, the facts in connection with that proceeding have an evidential value.

This was an action in equity and, under the circumstances shown by the evidence, the court was justified in finding that such a zoning ordinance was unreasonable, arbitrary, discriminatory and void insofar as it affected the defendant's described land, and in refusing to give the plaintiff the equitable relief which it sought.

A motion to receive certain additional evidence, in the form of inspection reports and additional permits, made and issued by the county's building department subsequent to the appeal, was also submitted. This motion is granted and said items, lodged with the court, are made a part of the record.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.